T.C. Memo. 1996-388


UNITED STATES TAX COURT


CLARENCE A. HUNT, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23753-94.                    Filed August 20, 1996.


Clarence A. Hunt, Jr., pro se.

Elizabeth L. Groenewegen, for respondent.


MEMORANDUM OPINION

COUVILLION, Special Trial Judge:  This case was heard

pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.

Respondent determined a deficiency of $6,787 in petitioner's

1990 Federal income tax and an accuracy-related penalty of $1,357

---

[1]    Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

under section 6662(a) for negligence or disregard of rules or regulations under section 6662(b)(1) and for a substantial understatement of income tax under section 6662(b)(2).

The issues for decision are: (1) Whether petitioner's horse racing activity was an activity "not engaged in for profit" under section 183(a), and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Oakland, California.

Petitioner grew up near the Fairgrounds, a thoroughbred horse racing track in New Orleans, Louisiana. His cousin, who was a groom at the track, introduced petitioner to the grooming, training, and racing of thoroughbred horses. Petitioner developed a love for racehorses and fantasized of one day owning the winning horse in the Kentucky Derby. Petitioner realized that accomplishing such a goal would require a great deal of capital. In the meantime, petitioner frequented different horse racing tracks, met with trainers, and began studying horses.

In 1980, petitioner began a temporary employment business called Allied Temporaries (Allied). Through the success of this business, petitioner accumulated the resources necessary to begin a horse racing activity. In 1985, petitioner obtained a license

to be a horse owner and purchased his first thoroughbred racing horse. He later acquired other horses but never owned more than three horses at any given time. Prior to acquisition of his first horse, petitioner did research as to the cost of maintaining and training a racehorse, the potential revenue that could be made if a horse won a "certain caliber of race", and the rules and regulations of horse racing. Petitioner hired horse trainers and boarded his horses at various race tracks. In 1990, the year at issue, petitioner owned three thoroughbreds. None of these were able to race during 1990 because they were all injured. From 1985 to 1990, horses owned by petitioner won a few minor races. The activity never realized a profit. Following 1990, petitioner continued the activity with no greater degree of success until 1992 or 1993.

On his 1990 Federal income tax return, petitioner reported expenses for training and veterinarians of $22,100, no gross income, and a net loss of $22,100 from his horse racing activity. Petitioner reported wage income of $91,423 from Allied.

In the notice of deficiency, respondent disallowed the horse racing activity loss, determining the horse racing activity was an activity not engaged in for profit under section 183, and that petitioner had not properly substantiated the claimed expenses. At trial, respondent conceded that the claimed expenses had been substantiated.

Section 183(a) provides generally that, if an activity is not engaged in for profit, no deduction attributable to such activity shall be allowed. Section 183(b)(1), however, provides that deductions that are allowable without regard to whether the activity is engaged in for profit shall be allowed. Section 183(b)(2) further provides that deductions that would be allowable only if the activity were engaged in for profit shall be allowed, "but only to the extent that the gross income derived from such activity for the taxable year exceeds the deductions allowable by reason of" section 183(b)(1).

Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212." The Court inquires whether the taxpayer is engaged in the activity with the "actual and honest objective of making a profit." Ronnen v. Commissioner, 90 T.C. 74, 91 (1988); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1983). The taxpayer's expectation of profit need not be a reasonable one, but there must be a good faith objective of making a profit. Dreicer v. Commissioner, supra at 645; sec. 1.183-2(a), Income Tax Regs. The determination of whether the requisite profit objective exists is to be resolved on the basis of all the surrounding facts and circumstances of the case.

Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(b), Income Tax Regs. Greater weight is to be given to the objective facts than to the taxpayer's mere statement of his intent. Dreicer v. Commissioner, supra at 645; sec. 1.183-2(a), Income Tax Regs. The taxpayer has the burden of proving the requisite intent, and that the Commissioner's determination that the activity was not engaged in for profit is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

Although the question of the taxpayer's profit objective is a subjective one, objective indicia may be considered to establish the taxpayer's true intent. Sec. 1.183-2(a), Income Tax Regs. Section 1.183-2(b), Income Tax Regs., sets forth a nonexclusive list of nine objective factors to be considered when ascertaining a taxpayer's intent. These factors are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any; (8) the financial status of the taxpayer; and (9) the elements of personal pleasure or

recreation involved in the activity.  These factors are not merely a counting device where the number of factors for or against the taxpayer is determinative, but rather all facts and circumstances must be taken into account, and more weight may be given to some factors than to others.  Cf. Dunn v. Commissioner, 70 T.C. 715, 720 (1978), affd. 615 F.2d 578 (2d Cir. 1980).  Not all factors are applicable in every case, and no one factor is controlling.  Abramson v. Commissioner, 86 T.C. 360, 371 (1986); Allen v. Commissioner, 72 T.C. 28, 34 (1979); sec. 1.183-2(b), Income Tax Regs.

In considering the objective factors relevant to this case, the Court is satisfied, based on the record, that petitioner has not sustained his burden of establishing that he conducted his horse racing activity with an actual and honest objective of making a profit in 1990.  Petitioner did not present any documentary or other evidence to show that his activity was carried on in a businesslike manner or that he maintained complete and accurate books and records of the activity.  Nor did petitioner present any evidence of the amount of time he expended on the activity.  On the other hand, it is clear from the record that petitioner's employment with Allied was full time.  Further, the Court cannot ignore the fact that petitioner realized only nominal gross income and never realized a profit from the activity over the period from 1985 to 1990 and thereafter.

Petitioner acknowledged at trial that "I didn't have any success at all." However, he produced no evidence to show that he changed the manner in which he operated his activity in order to make the activity profitable. It is quite evident that petitioner derived tremendous pleasure from the activity. He had a great love for horses and fantasized winning the Kentucky Derby. Despite that fantasy, however, he failed to conduct the activity with an intent that, at some realistic point, it would attain a profitable status. Respondent, therefore, is sustained on this issue.

The next issue is whether petitioner is liable for the addition to tax under section 6662(a). Section 6662(a) provides that, if that section is applicable to any portion of an underpayment in taxes, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which section 6662 applies. Under section 6664(c), no penalty shall be imposed under section 6662(a) with respect to any portion of an underpayment if it is shown that there was a reasonable cause, and that the taxpayer acted in good faith with respect to the underpayment.

Section 6662(b)(1) provides that section 6662 shall apply to any underpayment attributable to negligence or disregard of rules or regulations. Negligence is defined as lack of due care or failure to do what a reasonable and ordinarily prudent person

would do under like circumstances.  <u>Neely v. Commissioner</u>, 85 T.C. 934 (1985).  The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations.

Section 6662(b)(2) provides that section 6662 shall apply to any portion of the underpayment attributable to any substantial understatement of income tax.  There is a substantial understatement of income tax if the amount of the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return, or (2) $5,000.  Sec. 6662(d)(1)(A).  For purposes of section 6662(d)(1), "understatement" is defined as the excess of tax required to be shown on the return over the amount of tax that is shown on the return reduced by any rebates.

Petitioner improperly claimed on his 1990 Federal income tax return a $22,100 net loss from his horse racing activity. Furthermore, petitioner presented no evidence to establish that he was not negligent or did not disregard rules or regulations. The Court concludes that petitioner was negligent or in disregard of rules or regulations for purposes of section 6662(b)(1). Petitioner has not established that any of the reductions under section 6662(d)(2)(B) would apply to show that he did not have a substantial understatement of income tax for 1990 for purposes of

section 6662(b)(2) relating to the penalty for any portion of the underpayment attributable to any substantial understatement of income tax.

The maximum accuracy-related penalty imposed on an underpayment of tax may not exceed 20 percent of such underpayment, notwithstanding that such portion is attributable to more than one of the types of misconduct described in section 6662(a). Sec. 1.6662-2(c), Income Tax Regs. Therefore, although the underpayment of tax required to be shown on petitioner's 1990 income tax return was attributable to both negligence and a substantial understatement of income tax, the maximum accuracy-related penalty petitioner is liable for is 20 percent.

Petitioner did not make a showing that there was a reasonable cause for the understatements of income under section 6664(c). Accordingly, respondent is sustained on the imposition of the accuracy-related penalty under section 6662(a).

<u>Decision will be entered</u>
<u>for respondent.</u>